083703.0980(207)  RMC:lab  No. 397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ELEGANTE CUISINE, INC., an Illinois corporation, METROPOLIS BALLROOM OF ARLINGTON HEIGHTS, INC., an Illinois corporation, THOMAS W. MANETI, and YESSICA BORJAS, Individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Fireman's Fund Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Elegante Cuisine, Inc., an Illinois corporation, Metropolis Ballroom of Arlington Heights, Inc., an Illinois corporation, Thomas W. Manetti, and Yessica Borjas, Individually and on behalf of all others similarly situated, alleges the following:

### JURISDICTION

1. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in

controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage for an underlying putative class action for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA").

**VENUE**

2.  Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District and the transaction occurred in this District.

**THE PARTIES**

3.  Fireman's Fund Insurance Company ("Fireman's Fund") is a California insurance corporation with its principal place of business in Petaluma, California, which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.  Elegante Cuisine, Inc. is an Illinois corporation with its principal place of business in or near Elk Grove Village, Illinois. Elegante Cuisine operates a catering business at 1159 Pagni Drive, Elk Grove Village, Illinois.

5.  Metropolis Ballroom of Arlington Heights, Inc. is an Illinois corporation with its principal place of business in or near Arlington Heights, Illinois. Metropolis Ballroom operates a banquet hall business at 6 South Vail Avenue, Arlington Heights, Illinois.

6.  Thomas W. Manetti is a resident and citizen of the State of Illinois, and he is the President of Elegante Cuisine and Metropolis Ballroom. The two businesses and Manetti will be referred to collectively as "the Defendants" or "the Insureds."

7. Yessica Borjas ("the Claimant") is an individual who is a citizen and resident of the State of Illinois. The Claimant has been joined herein as a defendant to the extent that she is interested. In the event that the Claimant agrees and stipulates to be bound by the judgment or order entered in this case, then Fireman's Fund will seek to voluntarily dismiss the Claimant as a party defendant.

### THE FIREMAN'S FUND POLICIES

8. Fireman's Fund issued its policy of insurance numbered S 64 MXX 80972995 to Elegante Cuisine as named insured, and Metropolis Ballroom a named insured pursuant to an endorsement. The policy provided for Commercial General Liability Insurance for the effective period of September 10, 2016 to September 10, 2017. A true and correct copy of the Fireman's Fund policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A. The policy was renewed through a renewal policy for the period of September 10, 2017/18 under policy number S 64 MXX 80981660, and renewed for the period of September 10, 2018/19 under policy number S 64 MXX 809990701, and renewed for the period of September 10, 2019/20 under policy number S 64 MXX 80999325, and then renewed for the period of September 10, 2020/21 under policy number USC02107200, and again renewed for the period of September 10, 2021/22 under policy number USC021507210. A true and correct copy of each renewal policy is attached hereto, made a part hereof and is marked as Pleading Exhibit B, C, D, E and F, respectively.

9. Fireman's Fund issued to the Insureds an umbrella liability policy for the period of September 10, 2021 to September 10, 2022 under policy number

3

USC01766921U. A true and correct copy of the Fireman's Fund umbrella liability policy is attached hereto, made a part hereof and is marked as Pleading Exhibit G.

## THE UNDERLYING LITIGATION

10. The Claimant has on file a Class Action Complaint against the Insureds in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Cause No. 21 CH 4989. A true and correct copy of the aforesaid Class Action Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit H.

11. The Claimant seeks damages from the Insureds for their alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq. ("BIPA"). The Claimant alleges that as an employee of the Insureds her fingerprints were scanned and that she was required to provide the Defendants with personalized biometric data and the biometric information derived therefrom, as the Defendants required all employees to use their stored fingerprints to clock-in and to clock-out by scanning their fingerprints into a fingerprint scanning machine or device. The Claimant alleges that the Defendants violated BIPA's provisions relating to the collection of biometric data when they scanned her fingerprints and that they violated BIPA's provisions by not informing her and the members of the class in writing and without obtaining a written release that biometric data had been recorded, collected or stored and the specific purpose and length of term for which her biometric data had been collected, captured, obtained and/or stored. The Claimant further alleges that the Defendants violated BIPA by failing to store the biometric data using a reasonable standard of care in the industry and in a manner which is the same or more protective than the manner in which the Defendants store or protect

4

other confidential and secure information, all of which appears more fully in the Class Action Complaint, which contains two counts, one of which alleging that the Defendants violated BIPA for which statutory damages and attorney's fees are sought (Count I) and the other for injunctive relief against the Defendants to cease their violations of BIPA (Count II).

## TENDER OF DEFENSE

12. The Insureds tendered their defense to Fireman's Fund, which refused to accept that tender for the reasons stated herein.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND (PRIMARY CGL POLICIES))

13. Fireman's Fund adopts and repeats the allegations of ¶¶ 1 through 12 as and for ¶ 13 hereof as though the same were fully set forth herein.

14. While each Fireman's Fund primary policy, Pleading Exhibits A through F, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimant are not covered by the policies of insurance.

15. The Insuring Agreements for the aforesaid primary policies each provide in connection with Coverage A, Bodily Injury and Property Damage, as follows (Exhibit A at 114; Exhibit B at 114; Exhibit C at 115; Exhibit D at 112; Exhibit E at 149; Exhibit F at 149):

> **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**

5

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

6

      **c.**      "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

      **d.**      "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

          **(1)**    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

          **(2)**    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

          **(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

      **e.**      Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

The Insuring Agreement for Coverage B, Personal and Advertising Injury, for each primary policy provides as follows (Exhibit A at 119; Exhibit B at 119; Exhibit C at 120; Exhibit D at 117; Exhibit E at 154; Exhibit F at 154-55):

      **COVERAGE B — PERSONAL AND ADVERTISING INJURY LIABILITY**

      **1.**    **Insuring Agreement**

          **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion,

investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

16. Fireman's Fund contends that it has no duty or obligation to defend the Insureds in connection with the claims made against them by the Claimant for one or more or all of the following reasons:

(a) That the Class Action Complaint does not allege "bodily injury" as defined by the policies of insurance.

(b) That the Class Action Complaint does not allege "property damage" as defined by the policies of insurance.

(c) That the Class Action Complaint does not allege "personal and advertising injury" as defined by the policies of insurance.

(d) That the Class Action Complaint does not allege an "occurrence" as defined by the policies of insurance.

8

    (e)    That in the alternative the policies issued to the Insureds do not cover claims for alleged violations of BIPA pursuant to an endorsement that excludes coverage for violations of a State statute that addresses, prohibits or limits the collecting or recording of material or information, which would include biometric data, information, indicators or identifiers.

    (f)    That in the alternative the policies issued to the Insureds do not cover claims for "bodily injury," "property damage," or "personal and advertising injury" arising out of employment-related practices, and all of the complained of violations of BIPA were employment-related practices which aggrieved the Claimant and the members of the putative class.

    (g)    That in the alternative the policies issued to the Insureds do not cover claims for "bodily injury," "property damage," or "personal and advertising injury" arising out of access or disclosure of confidential or personal information such as an employee's biometric data which is the "type of nonpublic information" within the exclusion.

17.    The above contentions of Fireman's Fund are, on information and belief, denied by the Insureds who, in turn, contend that each is entitled to coverage under the Fireman's Fund CGL policies of insurance. Fireman's Fund, in turn, denies the contrary contentions of the Insureds and each of them.

18. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the primary CGL policies of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**COUNT II**
**(DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND UMBRELLA POLICY)**

19. Fireman's Fund adopts and repeats the allegations of ¶¶ 1 through 12 as and for ¶ 19 hereof as though the same were fully set forth herein.

20. While the Fireman's Fund umbrella policy, Pleading Exhibit G, includes and extends a defense obligation where the underlying primary CGL policy does not provide coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimant are not covered by the umbrella policy of insurance.

21. Fireman's Fund contends that it has no duty or obligation to defend the Insureds in the event that the September 10, 2021/22 primary CGL policy does not provide coverage (Pleading Exhibit F) in connection with the claims made against them by the Claimant for one or more or all of the following reasons:

    (a) That the Class Action Complaint does not allege "bodily injury" as defined by the umbrella policy of insurance.

(b) That the Class Action Complaint does not allege "property damage" as defined by the umbrella policy of insurance.

(c) That the Class Action Complaint does not allege "personal and advertising injury" as defined by the umbrella policy of insurance.

(d) That the Class Action Complaint does not allege an "occurrence" as defined by the umbrella policy of insurance.

(e) That in the alternative the umbrella policy issued to the Insureds does not cover claims for alleged violations of BIPA pursuant to an endorsement that excludes coverage for violations of a State statute that addresses, prohibits or limits the recording or collecting of material or information, which would include biometric data, information or identifiers.

(f) That in the alternative the umbrella policy issued to the Insureds does not cover claims for "bodily injury," "property damage," or "personal and advertising injury" arising out of employment-related practices and all of the complained of violations of BIPA were employment-related practices, and the exclusion specifically excludes an employment-related or personnel practice, policy, act or omission which violates a person's [employee's] right of privacy.

  (g) That in the alternative the umbrella policy issued to the Insureds does not cover claims for "bodily injury," "property damage," or "personal and advertising injury" arising out of access to or disclosure of confidential or personal information such as an employee's biometric data which is the "type of nonpublic information" protected by and within the exclusion.

22. The above contentions of Fireman's Fund are, on information and belief, denied by the Insureds who, in turn, contend that each is entitled to coverage under the Fireman's Fund umbrella policy of insurance. Fireman's Fund, in turn, denies the contrary contentions of the Insureds and each of them.

23. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the umbrella policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT III
### (DECLARATORY JUDGMENT RE: BIPA DAMAGES ARE NOT INSURABLE)

24. Fireman's Fund, in the alternative, adopts and repeats the allegations of ¶¶ 1 through 23 as and for ¶ 24 hereof as though the same were fully set forth herein.

25. The Class Action Complaint filed by the Claimant seeks damages from the Insureds for alleged violations of BIPA in Count I and injunctive relief to avoid further violations of BIPA in Count II, all of which more fully appears in the Class Action Complaint, Pleading Exhibit H, attached hereto.

26. The Claimant bases her claim on the Insureds recording, collecting and storing her biometric data without informing her in writing that her biometric data was being recorded, obtained, collected and/or stored, all of which is more fully alleged in the Class Action Complaint, Pleading Exhibit H, attached hereto.

27. The Claimant alleges that the Insureds' alleged conduct violated the BIPA.

28. The Claimant seeks damages as permitted under the BIPA and alleges that the Insureds' conduct, which violated the BIPA, was at best negligent and at worst reckless, and that they are liable to the Claimant and the class members in the amount of liquidated damages or actual damages, whichever is greater (740 ILCS 14/20(1)).

29. BIPA, signed into law in 2008, was enacted to regulate companies that collect and store Illinois citizens' biometric data, such as fingerprints. Notwithstanding the BIPA, the Insureds allegedly disregarded their employees' statutorily protected privacy rights and in violation of the BIPA collected, stored, recorded and captured employees' biometric data without complying with the BIPA's requirements for doing so.

30. The BIPA is an informed consent statute and its provisions place no absolute bar on collecting, storing or recording biometric data.

31. The BIPA seeks to remedy the shifting of the cost of this unlawful conduct by imposing penalties to deter such conduct. According to the Claimant, the Insureds failed to take note of the passage of the BIPA, and they collect, store, obtain and/or record their employees' biometric data in violation of the BIPA as when employees work for the Insureds, they are required to have their fingerprints scanned in order to enroll them in their fingerprint database and to clock-in or clock-out of a work shift.

32. Based upon the purpose underlying the enactment of the BIPA to deter and prevent violations and imposing penalties for such conduct, Fireman's Fund contends, in the alternative, that to allow insurance coverage for such acts would negate the intended deterrent effect and violate Illinois public policy for allowing insurance for such penalties.

33. If a violation of the BIPA is covered by liability insurance, the cost of the violation of the BIPA would be shifted to the insurer and preclude any penalty to the insured/violator, and thus frustrate the intended deterrent and preventive effects and cause shifting the purpose behind the enactment of the BIPA.

34. There is no incentive to comply with the BIPA and to put an end to an employer capturing, collecting, obtaining, recording and storing an employee's biometric data without consent or written release if a violation of the BIPA is covered by liability insurance.

35. The Class Action Complaint seeks, among other relief, recovery for each violation of the BIPA by the Insureds. The recovery for each such violation is set by statute at $1,000 each if negligent and $5,000 each if willful and/or reckless.

36. The statutory rate of $1,000 for each negligent violation (or $5,000 for each willful and/or reckless violation) is far in excess of the actual damages incurred by the employee, that is, by the Claimant or the members of the class, as a result of each claimed violation, such that any amount in excess of the actual damage resulting from the violation that the Insureds are required to pay constitutes punitive damages.

37. Punitive damages are not insurable as a matter of Illinois law and public policy.

38. Fireman's Fund contends that each policy it issued provides no coverage for the Class Action Complaint to the extent that the Claimant seeks punitive damages in the form of the statutory compensation for each violation of the BIPA in excess of the actual damage incurred as a result of having biometric data recorded, obtained, collected and/or stored.

39. The above alternative contentions of Fireman's Fund are, on information and belief, denied by the Insureds who, in turn, contend that they are entitled to coverage under the Fireman's Fund policies of insurance. Fireman's Fund, in turn, denies the contrary contentions of the Defendants and each of them.

40. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 USC 2201, 2202, this Court has the power to

declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Fireman's Fund Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That Fireman's Fund Insurance Company has no duty or obligation to provide a defense to Elegante Cuisine, Inc., Metropolis Ballroom of Arlington Heights, Inc., and Thomas W. Manetti for the action filed in the Circuit Court of Cook County, Illinois, under Cause No. 21 CH 4989 under its Commercial General Liability policies of insurance numbered S 64 MXX 80972995, S 64 MXX 80981660, S 64 MXX 809990701, S 64 MXX 80999325, USC02107200 and USC021507210.

B. That the Court grant Fireman's Fund Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Fireman's Fund Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

16

**AS TO COUNT II:**

A. That Fireman's Fund Insurance Company has no duty or obligation to provide a defense to Elegante Cuisine, Inc., Metropolis Ballroom of Arlington Heights, Inc., and Thomas W. Manetti for the action filed in the Circuit Court of Cook County, Illinois, under Cause No. 21 CH 4989 under its umbrella liability policy of insurance numbered USC01766921U.

B. That the Court grant Fireman's Fund Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Fireman's Fund Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

**AS TO COUNT III:**

A. That Fireman's Fund Insurance Company has no duty or obligation to provide a defense to Elegante Cuisine, Inc., Metropolis Ballroom of Arlington Heights, Inc., and Thomas W. Manetti, for the allegations of the Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Cause No. 21 CH 4989, under its policies of insurance.

B. That Fireman's Fund Insurance Company has no duty or obligation to Elegante Cuisine, Inc., Metropolis Ballroom of Arlington Heights,

17

Inc. and Thomas W. Manetti or any other party with respect to the Class Action Complaint pending under Cause No. 21 CH 4989 to the extent that it seeks any punitive damages, whether in the form of a statutory award for each violation of the BIPA in excess of the actual damage incurred as a result of the acts or omissions of the aforesaid Defendants, or any other form of punitive or exemplary damages.

C. That the Court grant Fireman's Fund Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

D. That Fireman's Fund Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

*/s/ Robert Marc Chemers*
Robert Marc Chemers
Bar No. 0431508
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone: (312) 578-7548
Fax: (312) 346-8242
E-Mail: rchemers@pretzelstouffer.com